IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND JERRY LINDSEY, JR. and
BETTY BRIGHT LINDSEY, husband
and wife,

                Plaintiffs,

v.                                                Civ. No. 03-1408 JH/RLP

U-HAUL CO. OF ARIZONA,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion To Amend Complaint And To Add Defendants (Docket No. 13). Being fully advised in the premises, the Court finds that in accordance with Rule 15(a), Plaintiffs should be permitted to amend their complaint as requested. Plaintiffs must file and serve their amended complaint within ten (10) days of entry of this Order.

Plaintiffs have also requested that the Court either remand the case to state court or dismiss the complaint without prejudice on the grounds that the amended complaint adds new defendants whose presence in the lawsuit destroys the complete diversity required for subject matter jurisdiction. The parties appear to agree that at the time of the filing of the original Complaint, the requirement of complete diversity was satisfied. The general rule is that "[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991) (per curium). However, "diversity jurisdiction will be destroyed if it is determined that the later-joined, non-diverse party was indispensable to the action at the time it was commenced." *Salt Lake Tribune Publishing Co. v. AT&T Corp.*, 320 F.3d 1081,

1096 (10th Cir. 2003). *See also Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir. 1982) ("Once jurisdiction is grounded in diversity, it is not lost by the intervention ... of a party whose presence in the action is not indispensable ...."). Therefore, if the newly added defendants are indispensable, then complete diversity is destroyed and the case must be remanded.

The question of whether a party is indispensable is determined by applying the factors set forth in Rule 19: whether a party is necessary under Rule 19(a), and whether it is indispensable under Rule 19(b). *Salt Lake Tribune*, 320 F.3d at 1096. Under Rule 19(a), a party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Based upon the current state of the pleadings and the briefs presented by the parties, it appears that none of the newly named defendants is a necessary party, and therefore none of them is indispensable to the action. Accordingly, diversity jurisdiction remains and Plaintiffs' request for remand will be denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion To Amend Complaint And To Add Defendants (Docket No. 13) is GRANTED IN PART and DENIED IN PART. Plaintiffs must file and serve their proposed Amended Complaint within ten (10) days of entry of this Memorandum Opinion and Order. Plaintiffs' request for remand is denied.

_____
UNITED STATES DISTRICT JUDGE